STATE OF MISSOURI at the Relation of NORMAN B. PITCAIRN and FRANK
C. NICODEMUS, JR., Receivers of WABASH RAILWAY COMPANY,
Appellants, v. THE PUBLIC SERVICE COMMISSION of the State.
—90 S. W. (2d) 392.

Division One, December 18, 1935.

*Homer Hall, R. W. Hedrick* and *J. H. Miller* for appellants.

*Sam O. Hargus* and *James P. Boyd* for Public Service Commission.

*D. D. McDonald* for W. P. Sutton.

FERGUSON, C.—This is an appeal from a judgment of the Circuit Court of Cole County affirming an order of the Public Service Commission granting a certificate of convenience and necessity to W. P. Sutton of Columbia, Missouri, whereby he was authorized "to operate as a freight-carrying motor carrier over an irregular route."

The Act of 1931 (Laws 1931, p. 304), commonly referred to as the "Bus and Truck Law of 1931," prohibits, as "unlawful," "any motor carrier to operate or furnish service as a common carrier within this state without first having obtained from the commission a certificate declaring that public convenience and necessity will be

promoted by such operation." Pursuant to the provisions of the act Sutton made application to the Public Service Commission for the required certificate of convenience and necessity "to operate intrastate as a freight carrying motor carrier over an irregular route." The application stated that Sutton was the owner of a one-ton Chevrolet truck which he proposed to operate in the transportation of freight for hire. Paragraphs e and f of the application are as follows: "(e) The applicant proposes to operate from the W. P. Sutton farm, three miles south of Columbia, Boone County, Missouri, . . . in the following described territory, to-wit: Boone County, Missouri, and surrounding counties; (f) Applicant desires to operate in the State of Missouri." The Alton Railroad Company and the Wabash Railway Company filed separate protest. A hearing was had and the commission made a finding and order as follows: "The above-entitled cause having been regularly filed with this Commission and the same having been heard, the interested parties having been notified of the time and place of such hearing, and the Commission having been convinced from the evidence that the applicant was actually operating in good faith, rendering satisfactory and dependable service by motor vehicle, on the 1st day of December, 1930, it therefore finds that the applicant is entitled to the presumption that the service rendered by him is necessary for the public convenience, as prescribed by Section 5277 of the Missouri Bus and Truck Law of 1931, and that a certificate of public convenience and necessity should be issued to said applicant.

"It is therefore,

"Ordered: 1. That certificate of convenience and necessity No. T-318 be and the same is hereby issued to W. P. Sutton of Columbia, Missouri, for authority to operate as a freight-carrying motor carrier over an irregular route as follows: Local hauling to and from all points in Boone County and counties adjacent to Boone County, and from this territory to any point in Missouri and from any point in Missouri to this territory; subject to the limitations contained in the Missouri Bus and Truck Law of 1931 concerning the operation of a motor truck as a common carrier for hire over an irregular route." The application of protestant Wabash Railway Company for a rehearing was denied whereupon it applied to the Circuit Court of Cole County for a writ of review. [Secs. 5233 and 5234, R. S. 1929.] As noted, the circuit court affirmed the order of the commission and the railway company appealed.

Concerning such appeal the Public Service Commission Law (Sec. 5237, R. S. 1929) provides: The Commission, any corporation, public utility or person or any complainant may after the entry of judgment in the circuit court in any action in review, prosecute an appeal to the Supreme Court of this State." Pursuant thereto the appeal herein was granted to this court.

The sole issue involved is whether under the evidence the order made by the commission is reasonable and lawful. No constitutional question is raised or presented. We are constrained to inquire concerning the appellate jurisdiction of this court which is defined, governed and limited by our State Constitution. Notwithstanding the statute, above set out, providing that in actions to review orders of the Public Service Commission appeals from judgments of the circuit court therein shall be granted to this court we would not have, and could not take, jurisdiction of the appeal unless the case comes within our appellate jurisdiction as defined and determined by our State Constitution. "The Supreme Court only has such appellate jurisdiction as has been specifically conferred upon it by the Missouri Constitution. [Art. VI, Sec. 12, and Sec. 5 of the 1884 Amendment to Art. VI.] In all cases, other than those specified in Section 12, Article VI, jurisdiction of appeals from the circuit courts of the State resides in the several courts of appeals." [Ward v. Consolidated School District No. 136 of Nodaway County, 320 Mo. 385, l. c. 389, 7 S. W. (2d) 689.] "As we have frequently ruled, the Courts of Appeals have general appellate jurisdiction, and this court has only such appellate jurisdiction, and in such cases, as is specified in the Constitution; and in order to confer jurisdiction on this court the facts conferring jurisdiction must affirmatively appear from the record in the case." [Mitchell v. Dabney, 332 Mo. 410, l. c. 415, 58 S. W. (2d) 731.] It follows that the Legislature cannot by enactment invade the jurisdiction of the Courts of Appeals as defined and vested by the Constitution or that of this court and either enlarge or subtract therefrom; therefore the appellate jurisdiction of the Courts of Appeals and this court, as determined by our State Constitution, is not affected by the provisions of the statute quoted, supra.

Our State Constitution (Sec. 12, Art. VI and Sec. 5, Amendment of 1884 to Art. VI) confines and restricts our appellate jurisdiction to cases, "where the amount in dispute, exclusive of costs, exceeds the sum" of seventy-five hundred dollars (Sec. 1914, R. S. 1929, and Sec. 3, Amendment of 1884 to Art. VI); "involving the construction of the Constitution of the United States or of this State;" "where the validity of a treaty or statute of or authority exercised under the United States is drawn in question;" "involving the construction of the revenue laws of this State, or the title to any office under this State;" "involving title to real estate;" and "where a county or other political subdivision of the State or any State officer is a party, and in all cases of felony."

The suggestion that the Public Service Commission is a "State Officer" and on that ground we would have jurisdiction of all such appeals is discussed and ruled in State ex rel. W. L. Gehrs v. Public Service Commission of Missouri, 338 Mo. 177, 90 S. W. (2d)

390, and we there held that the Public Service Commission is not a "State Officer." As noted, no constitutional question is involved and as the applicant seeks merely a right or permit to operate as a motor carrier of freight for hire no money judgment or recovery of any kind is sought or involved nor does such right or privilege have any measurable pecuniary value. In this connection see subsection c, Section 5268, Laws 1931, page 308. Wherefore it appears there could not be an "amount in dispute" herein such as would give us jurisdiction of the appeal on that ground. Nor are any of the other specified constitutional grounds of our appellate jurisdiction present.

It is pointed out in State ex rel. Gehrs v. Public Service Commission, supra, that the statute undertaking to vest this court with exclusive jurisdiction of appeals from judgments of the circuit court on orders of the Public Service Commission, regardless of the presence of constitutional grounds giving us appellate jurisdiction, "is contrary to and in conflict with Section 12, Article VI of the Constitution." In such cases our appellate jurisdiction is governed by the provisions of the Constitution, supra, as in any other case in which an appeal is allowed.

It follows from what we have said and on the authority of State ex rel. Gehrs v. Public Service Commission, supra, that the cause should be transferred to the Kansas City Court of Appeals. It is so ordered. *Hyde* and *Bradley, CC.,* concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All the judges concur.