STATE OF MISSOURI at the Relation of W. L. GEHRS, Doing Business as OZARK TRUNK LINES; BLANKENSHIP & VINYARD; TRI-STATE MOTOR TRANSPORT, INC., and J. M. KURN and JOHN G. LONSDALE, Trustees for the ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY, Relators, TRI-STATE MOTOR TRANSPORT, INC., Appellant, v. PUBLIC SERVICE COMMISSION of the State, and J. C. COLLET, GEORGE H. ENGLISH, W. M. ANDERSON, WM. STOECKER and HARRY E. McPHERSON, Members of the Public Service Commission.—90 S. W. (2d) 390.

Division One, December 18, 1935.

*Stanley P. Clay* for appellant.

*Sam O. Hargus* and *James P. Boyd* for respondents; *D. D. McDonald* of counsel.

GANTT, P. J.—Powell Brothers were authorized by certificate of convenience and necessity No. T-734 to transport property for hire over U. S. Highway No. 66 from St. Louis to Springfield serving certain intermediate points. On April 4, 1933, they purchased the business and assets of the Whitehead Transfer & Storage Company, operating under certificate of necessity and convenience No. T-735 between Springfield and Joplin, serving certain intermediate points. Thereupon the certificates were consolidated and designated No. T-734. Powell Brothers then made application to the commission for authority to publish rates to points they claimed to be authorized to serve under said consolidated certificate.

The Tri-State Motor Transport, Inc., and others contested the application. On final hearing the commission sustained the applica-

tion and authorized the publication of the rates. On petition of protestants the ruling of the commission was reviewed by the circuit court. That court affirmed the order and the Tri-State Motor Transport, Inc., appealed. The appeal was granted to this court.

 The record challenges the appellate jurisdiction of this court. It is suggested that the appellate jurisdiction of the case is fixed by Section 12, Article VI of the Constitution, which provides that this court has appellate jurisdiction in all cases where a state officer is a party. Of course, the members of the Public Service Commission are state officers. Even so, the commission is a legal entity and *quasi* corporation. It was created for a public purpose and exists as an entity distinct and apart from its members. The commission is the only necessary and proper party to litigation for 'a review of its orders. The applicable provisions of said act follow:

"The commission shall have an official seal bearing the following inscription: 'Public Service Commission of the State of Missouri.' The seal shall be affixed to all writs and authentications of copies of records and to such other instruments as the commission shall direct. All courts shall take judicial notice of said seal. The commission may sue and be sued in its official name." [Sec. 5131, R. S. 1929.]

"Copies of all official documents and orders filed or deposited according to law in the office of the commission, certified by a commissioner or by the secretary of the commission to be true copies of the originals, under the official seal of the commission, shall be evidence in like manner as the originals." [Sec. 5140, R. S. 1929.]

"All hearings before the commission or a commissioner shall be governed by rules to be adopted and prescribed by the commission." [Sec. 5144, R. S. 1929.]

". . . the petitioner and the commission may stipulate that a certain question or questions alone and a specified portion only of the evidence shall be certified to the circuit court for its judgment, whereupon such stipulation and the question or questions and the evidence therein specified shall constitute the record on review." [Sec. 5232, R. S. 1929.]

"Such writ (certiorari or review) shall be made returnable not later than thirty days after the date of the issuance thereof, and shall direct the commission to certify its record in the case to the court." [Sec. 5234, R. S. 1929.]

It has been ruled under similar statutes that this court is without appellate jurisdiction. In State ex rel. Goldman v. Missouri Workmen's Compensation Commission, 325 Mo. 153, 27 S. W. (2d) 1026, it is ruled with reference to said commission as follows: "It is in effect created a legal entity, a *quasi* corporation. It further appears that the commission as such—and not its individual members—is authorized to authenticate and certify copies of its records and of

the papers and documents on file in its office. The commission is therefore the only party against whom the proposed writ is to be issued who is in a position to comply with its command; the commission is therefore the only necessary or proper party respondent. [High on Extra. Rems. (3 Ed.), secs. 440-447a.] And the 'Missouri Workmen's Compensation Commission'·is not a state officer.''

Furthermore, in State Highway Commission v. Day, 327 Mo. 122, l. c. 125, 35 S. W. (2d) 37, it is also ruled with reference to said commission as follows: "It may be conceded that the members of the State Highway Commission are state officers: but they are not parties to this proceeding. The suit was brought in the name of the State of Missouri by the State Highway Commission, as directed by the statute creating the Commission. [Laws 1921, First Ex. Sess., p. 131.] Within the contemplation of the statute, the Commission is not a number of individuals; it is an artificial legal entity—a *quasi*-public corporation, empowered as such to contract and to sue and be sued. [State ex rel. v. Bates, 317 Mo. 696, 296 S. W. 418.] It is not a state officer. [State ex rel. v. Missouri Workmen's Compensation Commission, 27 S. W. (2d) 1026.]''

In this connection attention is directed to provision of said act as follows:

"The commission, any corporation, public utility or person or any complainant may after the entry of judgment in the circuit court in any action in review, prosecute an appeal to the Supreme Court of this state." [Sec. 5237, R. S. 1929.]

"No court of this state, except the circuit courts to the extent herein specified and the Supreme Court on appeal, shall have jurisdiction to review, reverse, correct or annul any order or decision of the commission or to suspend or delay the executing or operation thereof, or to enjoin, restrain or interfere with the commission in the performance of its official duties." [Sec. 5234, R. S. 1929.]

It is clear that the provision for an appeal to the Supreme Court is contrary to and in conflict with Section 12, Article VI of the Constitution. It follows that this court is without jurisdiction to rule any question presented other than the question of jurisdiction.

The case should be transferred to the Kansas City Court of Appeals. It is so ordered. All concur.