STATE OF MISSOURI at the Relation of ORSCHELN BROTHERS TRUCK LINES, INC., a Corporation, Appellant, v. PUBLIC SERVICE COMMISSION OF MISSOURI.—92 S. W. (2d) 882.

Division One, March 10, 1936.

*Frank E. Atwood* and *D. D. McDonald* for appellant.

*Sam O. Hargus* and *James P. Boyd* for Public Service Commission.

FRANK, J.—This is an appeal from a judgment of the Circuit Court of Cole County affirming an order of the Public Service Commission.

Anderson Motor Service, Inc., and Brashear Truck Company, Inc., filed complaint with the commission alleging they were holders of certificates of convenience and necessity authorizing them to render motor carrier service between St. Louis, Missouri, and Kansas City,

Missouri, over United States Highway Number Forty. The complaints further alleged, in substance, that appellant, Orscheln Brothers Truck Lines, Inc., was rendering motor carrier service over said highway between said cities without legal authority authorizing it so to do. Appellant filed answer to said complaint alleging, among other things, that prior orders made by the commission, and certificates theretofore granted to it by the commission authorized it to render the service in question.

At the hearing before the commission, in addition to oral testimony touching the issues, the orders theretofore made by the commission granting appellant certain authority, as well as the certificates theretofore granted to appellant were introduced in evidence. At the conclusion of the hearing, the commission made the following order:

"That the complaint of Anderson Motor Service, Inc., and Brashear Truck Company, Inc., be and the same is hereby sustained and that Orscheln Brothers be required to cease and desist from transporting freight directly over Highway No. 40 from St. Louis to Kansas City and *vice versa;* that in the transportation of such freight between St. Louis and Kansas City it should confine itself to the routes otherwise authorized.

The cause was taken to the Circuit Court of Cole County on writ of review, where the order of the commission was affirmed and an appeal was granted to this court.

■ Our jurisdiction has not been challenged, but it is not only our right but our duty to determine that question whether raised by the parties or not. Our appellate jurisdiction is fixed by the Constitution. It follows, therefore, that we would not have jurisdiction of a case coming from the Public Service Commission unless it involved the determination of one or more of the questions which the Constitution enumerates as a necessary prerequisite to our jurisdiction. The statute, Section 5237, Revised Statutes 1929, provides that after judgment in the circuit court in an action to review an order of the commission, appeals shall be prosecuted to the Supreme Court of the State. But since our appellate jurisdiction is fixed by the Constitution, the Legislalture is powerless to either add to or subtract from that jursdiction, except as to the pecuniary amount in dispute, which Section 3, Amendment of 1884 to Article VI of the Constitution authorizes the Legislature to either increase or diminish. Pursuant to this amendment, the Legislature by Section 1914, Revised Statutes 1929, gives this court jurisdiction in cases where the amount in dispute, exclusive of costs, exceeds the sum of seven thousand five hundred dollars. Other cases of which we have jurisdiction, regardless of the pecuniary amount in dispute, are enumerated in Section 12, Article VI and Section 5, Amend-

ment of 1884 to Article VI of the State Constitution. The cases there enumerated are cases involving the construction of the Constitution of the United States or of this State; cases where the validity of a treaty or statute of or authority exercised under the United States is drawn in question; cases involving the constructon of the revenue laws of this State, or the title to any office under this State; cases involving title to real estate; cases where a county or other political subdivision of the State, or any State officer is a party, and in all cases of felony.

Does the instant case involve the determination of any question enumerated in the Constitution as a necessary prerequisite to the jurisdiction of this court? There is no pecuniary amount in dispute. It is apparent, without discussion, that the validity of a treaty or statute of or authority exercised under the United States is not drawn in question. It is likewise apparent that it does not involve the construction of the revenue laws of this State, or the title to any office under this State. It does not involve title to real estate. Neither is a county or other political subdivision of the State a party, nor is it a case of felony.

The only remaining cases enumerated in the Constitution of which this court has jurisdiction are cases involving the construction of the Constitution of the United States or of this State, and cases to which a State officer is a party.

This action is against the Public Service Commission. In two cases, both decided and handed down concurrently herewith, we held that the commission is not a State officer. [State ex rel. Gehrs v. Public Service Commission, 338 Mo. 177, 90 S. W. (2d) 390, and State ex rel. Norman B. Pitcairn v. Public Service Commission, 338 Mo. 180, 90 S. W. (2d) 392.]

The final question is whether or not the case involves the construction of the Constitution.

Appellant contends that the complaint filed with the commission called for the determination of judicial questions, and for that reason the commission's determination of such questions violated Section I of Article VI of the Constitution which vests the judicial power of the State in the courts.

The commission is not a court. It is a creature of the Legislature. Its jurisdiction, powers and duties are fixed by statute. The constitutionality of such statute is not attacked. Since the jurisdiction of the commission is fixed by statute, and since the validity of that statute is not attacked, the case may be properly determined by a construction of the statute for the purpose of determining whether or not the commission exceeded its statutory authority. The Court of Appeals has authority to construe the statute for that purpose. We

576

have so held in recent cases. [Curtin v. Zerbst Pharmacal Co., 333 Mo. 771, 62 S. W. (2d) 771.]

As none of the constitutional grounds of our appellate jurisdiction appear of record, the cause should be transferred to the Kansas City Court of Appeals. It is so ordered. All concur.

## ON MOTION FOR REHEARING.

FRANK, J.—In motion for rehearing respondent contends that if Section 5237, Revised Statutes 1929, which attempts to authorize appeals from orders or decisions of the Public Service Commission to the Supreme Court is held to be unconstitutional, then there is no appeal provided for in such cases. What we intended to hold, and what we did hold, in this case, and in State ex rel. Gehrs v. Public Service Commission, 338 Mo. 177, 90 S. W. (2d) 390, and State ex rel. Norman B. Pitcairn v. Public Service Commission, 338 Mo. 180, 90 S. W. (2d) 392, is that the part of Section 5237, Revised Statutes 1929, which attempts to send such cases to the Supreme Court on appeal is unconstitutional. All concur.