STATE OF MISSOURI at the relation of WABASH RAILWAY COMPANY, a Corporation, and NORMAN B. PITCAIRN and FRANK C. NICODEMUS, Jr., Receivers thereof, Relators, v. HOPKINS B. SHAIN, EWING C. BLAND and ROBERT M. REYNOLDS, Judges of the Kansas City Court of Appeals.—106 S. W. (2d) 898.

Court en Banc, June 5, 1937.

*N. S. Brown, Joseph H. Miller, R. W. Hedrick* and *Frank E. Atwood* for relators.

*James P. Boyd* and *Daniel C. Rogers* for respondents.

FRANK, J.—Mandamus to compel the Kansas City Court of Appeals to set aside its judgment dismissing the appeal in the case of State ex rel. Pitcairn et al. v. Public Service Commission of Missouri, to reinstate said cause on the docket and to hear and determine same.

One W. P. Sutton applied to the Public Service Commission for a certificate of convenience and necessity authorizing him to operate as a freight carrying motor carrier over an irregular route, pursuant to the provisions of the bus and truck law. The Wabash Railway Company though its receivers, Pitcairn and Nicodemus, protested. The commission heard the cause and granted the certificate of convenience and necessity as requested. The cause was taken to the Circuit Court of Cole County on writ of review, where the order of the commission was affirmed. The cause was then appealed to this court. We held in an opinion handed down on November 12, 1935, that this court did not have jurisdiction of the cause and accordingly transferred said cause to the Kansas City Court of Appeals. [State ex rel. Pitcairn et al. v. Public Service Commission of Missouri, 338 Mo. 180, 90 S. W. (2d) 392.] The Kansas City Court of Appeals dismissed the appeal on the alleged ground that it did not have jurisdiction of the cause.

The question of the Court of Appeals' jurisdiction is purely

one of law, and must be determined from a proper construction of the constitutional and statutory provisions governing that question. Where a Court of Appeals refuses to take jurisdiction of a case because of a misconstruction of the law which governs such jurisdiction, mandamus will lie to compel such court to assume jurisdiction and proceed with the hearing of the cause.

Speaking to that question in State ex rel. Fleming v. Shackelford, 263 Mo. 52, 61-2, 172 S. W. 347-9, we said:

"If the lower court, upon a preliminary question of jurisdiction, which question of jurisdiction is to be determined from the law of the case, rather than the facts, resolves the question of jurisdiction against the applicant or plaintiff, and for that reason declines to hear the merits of the case, then mandamus will lie to compel such court to proceed, upon the merits, if we, under the law determine that such court possessed the jurisdiction."

Again in the case of State ex rel. General Motors Acceptance Corporation v. Brown et al., 330 Mo. 220, 48 S. W. (2d) 857, 859, we said:

"Where, as in this case, the question of jurisdiction is purely one of law, and the court misconstrues that law and dismisses the case for want of jurisdiction, a writ of mandamus will go to compel reinstatement of the case."

Numerous other cases to the same effect could be cited.

■ The jurisdiction of this court is fixed by the Constitution. (Sec. 12 of Art. 6, and Section 5 of Amendment of 1884 to said Art. 6.) All cases appealed from the circuit court which belong to the class of cases enumerated in said Section 12 of Article 6, come to this court. All other cases appealed from the circuit court go to the Court of Appeals. [Sec. 12 of Art. 6 and Secs. 1-3 and 5 of the Amendment of 1884 to Art. 6.] [State ex rel. Pitcairn v. Public Service Commission, 92 S. W. (2d) 881; Ward v. Consolidated School District et al., 320 Mo. 385, 7 S. W. (2d) 689; Village of Grandview v. McElroy, 318 Mo. 135, 298 S. W. 760; State ex rel. Blakemore v. Rombauer et al., Judges of the St. Louis Court of Appeals, 101 Mo. 499, 504, 14 S. W. 726.] As illustrative of what these cases hold, we quote from Ward v. Consolidated School District et al., supra, the following:

"The Supreme Court only has such appellate jurisdiction as has been specifically conferred upon it by the Missouri Constitution (Art. VI, Sec. 12, and Sec. 5 of the 1884 Amendment to Art. VI). In all cases, other than those specified in Section 12, Article VI, jurisdiction of appeals from the circuit court of the State resides in the several Courts of Appeals. [State ex rel. Rucker v. Hoffman, 313 Mo. 667, 288 S. W. 16.]"

Since the jurisdiction of this court as well as that of the Courts

24

of Appeals is fixed by the Constitution, such jurisdiction cannot be controlled or changed by statute. [Authorities, supra.]

■ No one disputes the fact that this court did not have jurisdiction of the case of State ex rel. Pitcairn et al. v. Public Service Commission, which is under review in this mandamus proceedings, for the reason that it does not belong to that class of cases enumerated in Section 12 of Article 6 of the Constitution, which fixes the jurisdiction of this court. By constitutional mandate the Court of Appeals does have jurisdiction of that cause, provided the right of appeal is given by statute in such cases.

■ The statutes which determine whether or not the right of appeal is given in such cases are Sections 5234 and 5237, Revised Statutes 1929. These sections of the statute deal with the same subject matter and under settled rules of construction must be read and construed together. The cardinal rule to be followed in the construction of statutes is to arrive at the legislative intent. "Rules for the interpretation of statutes are only intended to aid in ascertaining the legislative intent, 'and not for the purpose of controlling the intention or of confining the operation of the statute within narrower limits than was intended by the lawmaker.' [Sutherland on Statutory Const., sec. 279.] If the intention is clearly expressed, and the language used is without ambiguity, all technical rules of interpretation should be rejected."

Section 5237 reads as follows:

"The commission, any corporation, public utility or person or any complainant may after the entry of judgment in the circuit court, *in any action in review,* prosecute an appeal to the supreme court of this state." (Italics ours.)

Section 5234 provides, among other things, the following: "No court of this state, except the circuit courts, to the extent herein specified and the supreme court on appeal, shall have jurisdiction to review, reverse, correct or annul any order or decision of the commission or to suspend or delay the execution or operation thereof, or to enjoin, restrain or interfere with the commission in the performance of its official duties."

Section 5237 in plain language gives to any aggrieved party *in any action reviewed by the circuit court,* the right to prosecute an appeal to the Supreme Court of the State. Section 5234 does not, in express terms, give the right of appeal, but it recognizes that such right has been given, by providing that "no court of this state, except the suprme court *on appeal* shall review, reverse, correct or annul any order or decision of the commission." Reading and construing the two sections together it is at once apparent (1) that the Legislature not only intended to but did give the right of appeal to any aggrieved party in any case, and (2) intended that such appeals should go to no court except the Supreme Court.

We know that many cases reviewed by the circuit court do not come within the class of cases enumerated in Section 12 of Article 6 of the Constitution which fixes the jurisdiction of this court. Section 5237 gives the right of appeal in every case reviewed by the circuit court. The further provision of that section that all such appeals shall be prosecuted to the Supreme Court, would defeat the constitutional jurisdiction of the Court of Appeals in all cases which did not fall within the class of cases enumerated in Section 12 of Article 6 of the Constitution, and add to the jurisdiction of the Supreme Court by giving it jurisdiction of such cases. In other words, the effect of such a provision, if enforced, would be to change the constitutional jurisdiction of both courts by statute. For this reason that part of Section 5237 providing that all such appeals shall go to "the supreme court of this state" is unconstitutional. For the same reason the provision of Section 5234 to the effect that "no court of this state, except . . . the supreme court on appeal, shall have jurisdiction to review, reverse, correct or annul any order or decision of the commission," is unconstitutional and void.

■ If we discard that part of both sections which we hold to be unconstitutional, the remainder of the statute clearly shows the intent of the Legislature and furnishes a working plan by which that intention may be carried out. The general rule is that the unconstitutional part of a statute does not render the remainder of the statute invalid where enough remains, after discarding the invalid part, to show the legislative intent and to furnish sufficient means to effectuate that intent. [Kristanik v. Chevrolet Motor Co., 335 Mo. 60, 70 S. W. (2d) 890; State ex rel. McDonald v. Lollis, 326 Mo. 644, 33 S. W. (2d) 98.]

Disregarding the unconstitutional provisions of both sections, the remaining part of the statute reads as follows:

"The commission, any corporation, public utility or person or any complainant may after the entry of judgment in the circuit court, *in any action* in review, prosecute an appeal." (Italics ours.)

This is a complete workable statute and gives every aggrieved litigant in every case the right of appeal. It is true that it does not name the court to which the appeal should go, but that is not necessary. The Constitution determines that question.

■ It might be said that possibly the Legislature would not have enacted the statute if it had known that all appeals would not go to the Supreme Court as provided in said statute. An answer to such a contention is that the court to which the appeals would go was not the whole inducement for the law. The dominant purpose of the law and the idea which prompted its enactment was to provide that every aggrieved litigant should be given a right to have his case reviewed on appeal. The provision as to what courts the appeals should

go was merely incidental to the main purpose of the statute. The case of State ex rel. v. St. Louis, 241 Mo. 231, 247, 145 S. W. 801, is in point. In that case this court held that a proviso to a certain statute was unconstitutional. In so holding we, among other things, said:

"We are all of one accord in the opinion that the proviso being cut away as unconstitutional, there was left remaining a perfect, constitutional law capable of enforcement; that the proviso did not furnish the whole legislative inducement and consideration for the law; that there is no apparent reason why the Legislature would not have passed the law without the invalid proviso; that there is a main purpose running like a marking thread through the warp and woof of the law and a perfect plan outlined to effectuate that purpose, independent of the proviso; that the proviso is in its nature ancillary, a mere incidental or possible means of effectuating the main purpose of the law."

The Legislature itself declared in Section 5261 of the Public Service Commission Act that even though parts of said act be held unconstitutional it would have passed the remainder of the act. That section reads as follows:

"If any section, subsection, sentence, clause or phrase of this chapter is for any reason held to be unconstitutional, such decision shall not affect the validity of the remaining portions of this chapter. The Legislature hereby declares that it would have passed this chapter, and each section, subsection, sentence, clause and phrase thereof, irrespective of the fact that any one or more other sections, subsections, sentences, clauses or phrases be declared unconstitutional."

We find nothing in the statute which indicates that the Legislature would not have passed it without the provisions which we hold unconstitutional.

Our conclusion is that the Court of Appeals had jurisdiction of the case in question and should have proceeded with the hearing thereof instead of dismissing the appeal.

For all of the reasons stated our alternative writ of mandamus should be made peremptory. It is so ordered. All concur.