STATE of Missouri, at the Relation of Lillian E. HARLINE, James J. Harline, Harry S. Wintermute, Lucia Wintermute, George G. Kelly, Zakey Kelly, Robert J. Ingraham, and Courtenay F. Ingraham, Appellants,

v.

PUBLIC SERVICE COMMISSION of the State of Missouri, Respondent.

No. 47309.

Supreme Court of Missouri,

Division No. 1.

March 14, 1960.

R. Jay Ingraham, John F. Ingraham, Kansas City, for appellants.

Glenn D. Evans, Thomas J. Downey, Jefferson City, for respondent.

Morris E. Osburn, Jefferson City, F. L. Thompson, Thos. J. Conway, Jr., Kansas City, Popham, Thompson, Popham, Trusty & Conway, Kansas City, of counsel, for Missouri Public Service Co.

WESTHUES, Judge.

This is an appeal from a judgment of the Circuit Court of Cole County, Missouri, affirming an order of the respondent Public Service Commission dismissing a complaint filed by appellants with said Commission. The appellants asked the Missouri Public Service Commission (herein sometimes referred to as "Commission") to issue an order to the Missouri Public Service Company (herein sometimes referred to as "Company") to show cause why it should not desist from constructing a high-voltage transmission line in Jackson County, Missouri. In the complaint it was alleged that the Company had not obtained a certificate of public convenience and necessity. It was specifically alleged in the complaint that the Company had not obtained from the Commission the authority to construct the line. The Commission

issued its order to show cause. The Company filed an answer alleging that the Commission had granted to the Missouri Public Service Corporation a certificate of convenience and necessity on January 18, 1938, in case No. 9470; further, that the Commission had made an order in 1950, in case No. 11892, approving a transfer of all rights and franchises of the Missouri Public Service Corporation to the Missouri Public Service Company.

The Commission held a hearing and dismissed the complaint. Appellants thereupon filed a motion for rehearing which was denied. A review of the Commission's ruling was had on a writ of certiorari issued by the Circuit Court of Cole County. That court affirmed the order of dismissal made by the Commission. An appeal was granted to this court.

Appellants say this court has jurisdiction of this appeal on the theory that, as they say, the orders of the Missouri Public Service Commission made in cases No. 9470 (1938), No. 11892 (1950), and the order dismissing appellants' complaint in case No. 13678 are unconstitutional and void.

In their brief, appellants say, "This Court has exclusive jurisdiction of this action under the provisions of Article V, Sec. 3 of the Constitution of the State of Missouri [V.A.M.S.] for the reason that the above-mentioned orders, are in violation of Article II, Sec. 30, and Article XII, Sec. 5 of the Constitution of Missouri of 1875 and Article I, Sec. 10, and Article XI, Sec. 3 of the Constitution of Missouri of 1945 and the 14th Amendment to the Constitution of the United States."

We do not agree that this court has jurisdiction of this appeal. From the record, we learn that in 1938, the Commission, by an order in case No. 9470, granted the Missouri Public Service Corporation authority to construct and operate an electric plant or system to furnish electric service to all persons in an area extending over

all or parts of seventeen counties, including Jackson County. In 1950, as above noted, all the rights and franchises of the Missouri Public Service Corporation were transferred to the Missouri Public Service Company. This transfer was approved by the Commission in case No. 11892. In 1957, the Company proceeded to acquire rights of way by purchase or condemnation to construct a transmission line between a point west of Lee's Summit, Missouri, and a point east of Martin City in Jackson County, Missouri. The purpose of the line is to make a connection with a main line of the Kansas City Power and Light Company. The appellants, complainants before the Public Service Commission, are landowners affected by the construction of this line.

The complaint of appellants, we learn from their brief, is based on the theory that the Commission in making the order in case No. 9470 had no authority to make the order which it made; that the order of the Commission is an "Unconstitutional Attempt To Surrender, Abridge. Limit And Redelegate To A Private Corporation The Police Powers Of The State Of Missouri Delegated To The Public Service Commission By The Legislature In the Public Service Commission Act, Which Details The Procedure For The Exercise Thereof And Provides *For Due Hearing Satisfying Due Process.*" (Emphasis supplied.)

Appellants' theory is that the order in case No. 9470 gave the Company authority to construct transmission lines wherever it pleased to do so without authorization from the Commission; that this blanket authority was void and unconstitutional. It is further urged that the order of convenience and necessity was made without supporting evidence and without notice to appellants. The points briefed by appellants may be disposed of without deciding a constitutional question. Appellants state, in their brief, that the Public Service Commission Act provides for a due hearing satisfying due process. If that be true, then the question

is simply, did the Commission proceed in compliance with the statutes? Appellants cite Secs. 393.170, 386.490, 386.390, 386.500, and 386.020, V.A.M.S. Nowhere in their brief do appellants say that any statute is unconstitutional. In fact, they say that the acts and orders of the Commission do not comply with the statutory provisions; that the statutes prescribe a procedure which if followed satisfies due process. That being true, this court does not have jurisdiction of the case before us. Knight v. Calvert Fire Ins. Co., Mo., 260 S.W.2d 673, loc. cit. 674, 675(2, 3); 21 C.J.S. Courts § 404, pp. 655–661. For cases in point on the question of jurisdiction on appeals in Public Service Commission cases, see State ex rel. Wabash Ry. Co. v. Shain, 341 Mo. 19, 106 S.W.2d 898, and State ex rel. Orscheln Bros. Truck Lines, Inc. v. Public Service Commission, 338 Mo. 572, 92 S.W.2d 882, loc. cit. 884(4, 5), where this court said, "The commission is not a court. It is a creature of the Legislature. Its jurisdiction, powers, and duties are fixed by statute. The constitutionality of such statute is not attacked. Since the jurisdiction of the commission is fixed by statute, and since the validity of that statute is not attacked, the case may be properly determined by a construction of the statute for the purpose of determining whether or not the commission exceeded its statutory authority. The Court of Appeals has authority to construe the statute for that purpose. We have so held in recent cases. Curtin v. Zerbst Pharmacal Co., 333 Mo. 346, 62 S.W.2d 771."

We call attention to the belated presentation of the alleged constitutional question. The Company, in its answer filed in response to appellants' complaint before the Commission, specifically stated that the Company had the authority to construct the transmission line under the orders of the Commission in cases No. 9470 and No. 11892. Appellants did not present a constitutional question to the Commission until so doing in the motion for rehearing. Cotton v. Iowa Mutual Liability Ins. Co., 363 Mo. 400, 251 S.W.2d 246, loc. cit. 249(6).

This court does not have jurisdiction of this appeal and the case must be and is hereby transferred to the Kansas City Court of Appeals.

It is so ordered.

All concur.