**AUTOMOBILE CLUB OF MISSOURI, a Corporation, Appellant,**

v.

**Fred J. HOFFMEISTER, William Kohn, Christian B. Peper, John A. Arnold, and Albert D. Kreuger, As Members of and Constituting the Bar Committee of the Eighth Judicial Circuit, Respondents.**

No. 47440.

Supreme Court of Missouri,

Division No. 1.

March 14, 1960.

Stemmler & Stemmler, St. Louis, for (plaintiff) appellant.

Victor Packman, Hyman G. Stein, St. Louis, for (defendants) respondents.

Fred J. L. Schuler, Clayton, amicus curiae.

WESTHUES, Judge.

The brief of appellant Automobile Club of Missouri contains a statement of the nature of this proceeding. It reads as follows:

"This is a declaratory judgment suit for a ruling as to whether the following practices of appellant, Automobile Club of Missouri, constitute the practice of law:

"a. When a member of the Club has been charged with a violation of an ordinance of the City of St. Louis regulating the operation of automobiles on the streets and highways of the City and is summoned to appear in City Court (the municipal court of said City) and such member wishes to enter a plea of guilty to such charge, the Club (plaintiff) upon the member's request has its representative appear in the City Court and enter the plea of guilty on such member's behalf.

. "b. When a member of the Club who is so charged with a violation of such city ordinance finds it impossible to appear in the City Court on the day set for the hearing of such charge against him and desires to have the hearing continued until a later date, the Club (plaintiff) upon the member's request, has its representative appear in the City Court on behalf of the member and transmit to the Court the member's request for the continuance.

"The pleadings admitted that a controversy as to the question existed between plaintiff and the Eighth Circuit Bar Committee; that the Bar Committee had concluded its formal investigation as to whether such acts constituted the unauthorized practice and were about to proceed with the institution of formal proceedings and, possibly thereafter, the filing of an information in Court.

"We believe it may fairly be inferred from the foregoing that it was agreed between the parties that the declaratory judgment route, rather than the formal proceeding and information route, should be taken to secure a court determination of the matter."

It is apparent from the above statement that the only question presented to the trial court was the question of whether plaintiff's acts and conduct mentioned in the above statement constituted the practice of law. The trial court, after a hearing, entered a judgment against plaintiff and decreed that plaintiff had engaged in the unlawful and unauthorized practice of law. From the judgment entered, plaintiff appealed to this court.

When this case was heard in this court, the parties were asked to brief the question of our appellate jurisdiction of this appeal. Plaintiff filed a memorandum wherein the provisions of Supreme Court Rule 5, 42 V.A.M.S., and the case of In re Conner, 357 Mo. 270, 207 S.W.2d 492, were cited as authority for our appellate jurisdiction. In this memorandum, plaintiff says that "The Supreme Court has

jurisdiction of this appeal because the issue involved concerns the definition and control of the practice of the law and the Supreme Court has the inherent and ultimate power and authority to define and control the practice of the law."

▉ Appellate jurisdiction of this court is fixed by Sec. 3 of Article V, 1945 Constitution of Missouri, V.A.M.S. The legislature cannot nor may this court by rule enlarge that jurisdiction except as provided for in that section of the Constitution. 21 C.J.S. Courts § 400, p. 641; State ex rel. Wabash Ry. Co. v. Shain, 341 Mo. 19, 106 S.W.2d 898. The principal point considered in the Conner case, supra, was whether a review of the trial court's judgment in that case could be had. See 207 S.W.2d loc. cit. 495, 496 (4) (5) (6) (7). The Conner case involved a disbarment proceeding under Supreme Court Rule 5. The case now before us is a proceeding seeking a declaratory judgment. No constitutional question is involved. No amount is in dispute. In fact, Sec. 3, Article V, 1945 Constitution, may be searched in vain for any provision vesting appellate jurisdiction of this appeal in this court. Sec. 4 of Article V of our Constitution, which was considered in the Conner case, has no application to the question of our appellate jurisdiction of this appeal. Note its provisions: "The supreme court, courts of appeals, and circuit courts shall have a general superintending control over all inferior courts and tribunals in their jurisdictions, and may issue and determine original remedial writs."

Lack of appellate jurisdiction is so apparent that no useful purpose would be served by a further discussion of this question. It follows that this case must be and it is hereby transferred to the St. Louis Court of Appeals.

It is so ordered.

All concur.