The UNITED BROTHERHOOD OF CAR-
PENTERS AND JOINERS OF AMERICA,
DISTRICT COUNCIL, OF KANSAS CITY
AND VICINITY, an Unincorporated Labor
Association, by J. O. Mack, Its President,
W. C. Munroe, Charles Brewer, Daniel
O'Connell, R. F. Addington and Henry O.
Selig, Respondents,

v.

The INDUSTRIAL COMMISSION of
Missouri, Appellant.

No. 48610.

Supreme Court of Missouri,

Division No. 2.

Jan. 8, 1962.

Lloyd G. Poole, Jefferson City, for appel-
lant.

Gibson Langsdale, Kansas City, for re-
spondents.

STOCKARD, Commissioner.

The Industrial Commission of Missouri (hereafter referred to as the "Commission") has appealed from the judgment of the Circuit Court of Jackson County in which it remanded Special Wage Determination No. 1041 to the Commission for further proceedings. We are first confronted with the question of our jurisdiction of this appeal.

On October 16, 1958 Stone County School District R–2, Galena, Missouri, requested from the Commission a determination of the prevailing wage for about 37 crafts or type of workmen needed to complete additions to a public school facility. On October 23, 1958 the Commission issued its Special Wage Determination No. 1041 which included a rate of $1.50 per hour for carpenters. On November 19, 1958, acting through an "attorney and legal agent" the "United Brotherhood of Carpenters and Joiners of America, District Council of Kansas City and Vicinity" filed with the Commission its objections to the determination of the prevailing rate for carpenters. A hearing was held on the objections, and on January 23, 1959 the Commission issued its order affirming its previous determination of $1.50 per hour as the prevailing rate for carpenters.

On February 20, 1959 the above named objector, asserting that it was "an unincorporated labor association" acting by J. O. Mack, its president, and five other individuals, filed in the Circuit Court of Jackson County a "petition for review" in which it was alleged that the named individuals "and the persons whom they represent" are persons affected by the action and determination of the Commission, and that they are "persons aggrieved within the definition and meaning of Section 536.100 RSMo 1949 [V.A.M.S.]." The circuit court held that "the Industrial Commission of Missouri could reasonably have made the findings of fact and reached the conclusion of law that it did, based upon the whole record, but that the Industrial Commission did not

consider all competent evidence before it," and the court then entered its order remanding the cause to the Commission for further proceedings. It is from this order that the Commission has appealed to this court.

■ Art. V, Sec. 3, Constitution of Missouri, V.A.M.S., provides that the supreme court has "exclusive appellate jurisdiction" in all cases of certain specified classes and "in other classes of cases provided by law." There is no contention that this court has jurisdiction of this appeal by reason of any of the specifically enumerated classes of cases. Upon our own examination, but without any extended discussion herein of the various specifically named classes of cases, we hold that none apply to this case. If appellate jurisdiction is in this court it is only because this case is one of a class over which the legislature has vested exclusive appellate jurisdiction in this court pursuant to the above quoted constitutional provision.

On July 6, 1957 the Governor approved House Committee Substitute for House Bill 294 entitled, "An Act regulating wages of laborers, mechanics and other workmen employed in the construction of public works." Laws of Missouri 1957, p. 574. Section 8 of said bill, now section 290.260, RSMo 1959, V.A.M.S., provides, among other things, that judicial review of the "final decision" of the Commission of the prevailing wages in a locality shall be in accordance with the provisions of Chapter 536, RSMo 1959, V.A.M.S., known as the administrative procedure act. Section 536.-140 of that act provides that appeals from the judgment of the circuit court may be taken "as in other civil cases." However, paragraph 9 of Section 8 of Bill 294, now section 290.260(9), provides that "Appeals from all final orders and judgments entered by the [circuit] court in review of the final administrative decision of the department may be taken directly to the supreme court."

■ The legislature cannot fix the appellate jurisdiction of the supreme court except to the extent and in the manner pro-

vided by the Constitution. Trianon Hotel Co. v. Keitel, 350 Mo. 1041, 169 S.W.2d 891; Automobile Club of Missouri v. Hoffmeister, Mo.Sup., 332 S.W.2d 957. In order to vest this court with appellate jurisdiction of this case the legislature must by law establish a class of cases, which includes this case, over which this court is to have exclusive appellate jurisdiction. From the language of section 290.260(9) we find it difficult to find any intent on the part of the legislature to establish such a class of cases, and if none is established the provision that an appeal may be taken to this court is void and of no effect. However, if it be assumed that the legislature did purport to establish a class of cases within the meaning of Art. V, Sec. 3, Constitution of Missouri, we must then necessarily rule that such attempt in the particular circumstances of this case is void and of no effect to vest this court with jurisdiction of this appeal because Bill 294 violated Art. III, Sec. 23 of the Constitution which, with certain exceptions not applicable, requires that "No bill shall contain more than one subject which shall be clearly expressed in its title."

■■■ It seems clear that the Constitution contemplates that the establishment by the legislature of a class of cases pursuant to Art. V, Sec. 3, over which the supreme court is to have exclusive appellate jurisdiction is a separate subject within the meaning of Art. III, Sec. 23. However, it is not necessary that we specifically so rule in this case. In any event, the matter of the establishment of a special class of cases over which the supreme court is to have exclusive appellate jurisdiction is not directly or inferentially mentioned in the title to Bill 294. Even though a matter may be such that it may constitutionally be enacted with other matter under one title, unless it be within the subject that is "clearly expressed" in the title it violates Art. III, Sec. 23 of the Constitution. State ex rel. Niedermeyer v. Hackmann, 292 Mo. 27, 237 S.W. 742. The various matters treated in a bill must be germane to the subject expressed in the title, State v. Parker Dis-

tilling Co., 236 Mo. 219, 237 Mo. 103, 139 S.W. 453, which means that they must be closely allied, fit and appropriate, and of similar nature to the subject there designated. State v. Great Western Coffee & Tea Co., 171 Mo. 634, 71 S.W. 1011, 94 Am. St.Rep. 802. Although the provisions of Art. III, Sec. 23 of the Constitution are to be liberally construed, Graves v. Purcell, 337 Mo. 574, 85 S.W.2d 543, no reasonable construction could result in a ruling that the subject of establishing a separate class of cases over which the supreme court is to have exclusive appellate jurisdiction is germane to the expressed subject of Bill 294. For that reason, if not others, paragraph 9 of Section 8 of Bill 294, now section 290.-260(9), is void and of no effect insofar as it purports to vest this court with appellate jurisdiction of this appeal.

When the invalid portion of section 290.-160 is disregarded the remainder of its provisions present a complete and workable plan for judicial review of the administrative determination of prevailing wages as provided in the previously established administrative procedure act, Chapter 536, RSMo 1959, V.A.M.S. Pursuant to that act appeals from the order or judgment of the circuit court may be taken as in other civil cases, and in this particular case, that is the Kansas City Court of Appeals.

■ The parties have not raised this question of jurisdiction, but it is the duty of this court to determine such question sua sponte because it is a court of limited jurisdiction, not general. In making this determination we have necessarily ruled on the constitutionality of an act of the legislature, a question which as a general rule is not raised by the court on its own motion. However, "There are numerous cases where this court raised a constitutional question sua sponte, negatively, to protect the jurisdiction of the Courts of Appeals, and to *disclaim* our own." City of St. Louis v. Butler Co., 358 Mo. 1221, 219 S.W.2d 372. In a somewhat similar situation this court raised sua sponte the constitutionality of a

provision in the public service commission law which purported to vest appellate jurisdiction of appeals from that agency in this court. State ex rel. Gehrs v. Public Service Commission of Missouri, 338 Mo. 177, 90 S.W.2d 390; State ex rel. Pitcairn v. Public Service Commission of Missouri, 338 Mo. 180, 90 S.W.2d 392.

It thus appears that this court is without jurisdiction to rule any question presented on this appeal other than the question of jurisdiction and to transfer the case to the proper court of appeals.

The case should be and is transferred to the Kansas City Court of Appeals.

BOHLING, C., concurs.

BARRETT, C., dissents.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.