Esther BROOKS et al., Plaintiffs-Appellants,

v.

**LAND CLEARANCE FOR REDEVELOP-
MENT AUTHORITY OF ST. LOUIS
COUNTY, Defendant-Respondent.**

No. 52147.

Supreme Court of Missouri,
Division No. 1.

March 13, 1967.

Jerome Raskas, Sylvan Agatstein, St. Louis, for appellants.

John J. McAtee, Clayton, for respondent.

HENRY J. WESTHUES, Special Commissioner.

Plaintiffs in this case are residents of Elmwood Park located in St. Louis County, Missouri. The defendant is the Land Clearance for Redevelopment Authority of St. Louis County, Missouri, operating under the provisions of Secs. 99.300–99.660, V.A.M.S.

In their petition, plaintiffs asked the court for a declaratory judgment and a restraining order prohibiting the defendant from proceeding with an Urban Renewal Plan relating to Elmwood Park. A trial was had on the merits and the trial court entered a judgment denying plaintiffs any relief. Plaintiffs appealed.

We shall refer to plaintiffs-appellants as plaintiffs and to the defendant as Clearance Authority.

Plaintiffs contend that this Court has jurisdiction of this appeal for the reason that the defendant is attempting to take their property by condemnation, without due process of law, contrary to the Fourteenth Amendment to the U. S. Constitution and in violation of the Constitution of Missouri.

In their petition, plaintiffs did not question the validity of any law, federal, state, or county. They claim that the County of St. Louis passed an ordinance declaring Elmwood Park to be in need of redevelopment. Note what plaintiffs stated in their petition:

"4. Defendant is now and at all times hereinafter mentioned was a public body corporate and politic exercising public and essential governmental functions and having all powers necessary and convenient to carry out and effectuate all purposes and provisions of the Land Clearance De-

velopment Law, Sections 99.300–99.660 V.A. M.S., 1955, with its office in St. Louis County, Missouri.

"5. The County Council of St. Louis County, in purported compliance with the provisions of the Redevelopment Authority Law of the State of Missouri, adopted Ordinance 1001, approved April 3, 1957, whereby said County Council, pursuant to said act did find that the area described in said ordinance known as Elmwood Park Project to be blighted and unsanitary and in need of redevelopment, and that thereafter under and pursuant to the directions contained in said ordinance the Land Clearance Authority cause to be prepared a redevelopment plan in purported conformity and compliance with said law relating to said Elmwood Park Project, which plan was dated February 9, 1960, and was on said date approved by Defendant.

"6. Subsequent thereto, the Land Clearance Authority caused to be prepared a modified Urban Renewal Plan dated October 4, 1962, which plan Defendant now purports to be in full force and effect.

"7. That said plan above referred to contained, among other things, a statement of the proposed method and estimated cost of the acquisition and preparation for redevelopment of said area; a statement of the proposed method of financing same; and a statement there and then purporting to be a feasible method proposed for relocation of families to be displaced from the project.

"8. That said last-referred-to statement is a required and integral part of all proposed plans for redevelopment as set forth in Section 99.430 V.A.M.S.; said statute reading in part as follows: 'Preparation and approval of redevelopment and urban renewal plans shall be carried out within the following regulations: 7. The recommendation of a redevelopment or urban renewal plan by an authority to the governing body shall be accompanied by * * *

a statement of a feasible method proposed for the relocation of families to be displaced from the land clearance or Urban Renewal Project Area.' "

In the following paragraphs of the petition, plaintiffs related the details of the plan and the alleged defects. Then, in paragraph 17, plaintiffs conclude with the following:

"17. Any suit in eminent domain purported to be pursuant to the Urban Redevelopment Act hereinabove referred to, if based upon the plan of redevelopment hereinabove described is not due process of law and in violation of Article I, Section 28, of the Constitution of the State of Missouri, and the XIV Amendment to the Constitution of the United States."

In the prayer of the petition, plaintiffs did not ask the court to declare any law to be unconstitutional. The relief sought is directed to the plan adopted by the Clearance Authority on the theory that the plan does not meet with the requirement of Sec. 99.430, V.A.M.S. Note the first paragraph of the prayer of plaintiffs' petition:

"WHEREFORE, it is prayed:

"1. That this Court enter its declaratory judgment determining, adjuding [adjudging] and decreeing that the Urban Renewal Plan hereinabove described does not comply with the requirements of State or Federal law, is of no force or effect, and is null and void and is unenforceable against Plaintiffs and other persons similarly situated; * * *"

The question to be decided is whether the plan adopted by the Clearance Authority conforms to the Missouri statute, particularly Sec. 99.430, V.A.M.S., supra.

■ We are of the opinion that this Court does not have appellate jurisdiction of this case. To vest this Court with appellate jurisdiction on the ground that

a constitutional question is involved "It is necessary that the constitutional question should be real and substantial, and not merely colorable, and that a construction of the constitution should be essential to the determination of the case, * * *." 21 C.J.S. Courts § 404, p. 655.

This Court held in Langan v. United States Life Ins. Co., Mo., 114 S.W.2d 984, that a trial court's construction of a statute did not raise a constitutional question. In Dunbar v. Board of Zoning Adjustment et al., Mo., 380 S.W.2d 442, the contention was made that the establishing of a lagoon pursuant to a zoning ordinance was illegal because it failed to protect neighboring property. It was claimed that such action deprived the owners of property in violation of their constitutional rights. This Court held it had no jurisdiction for the reason that "The errors urged, if established, are correctible on appeal without involving the construction of any provision of either constitution." 380 S.W. 2d l.c. 444(1).

In the case before us, it is not necessary to decide constitutional questions. All that is necessary to decide is whether the plan adopted by the Clearance Authority conforms to the established law. Cases cited supra and see State ex rel. Harline v. Public Service Commission, Mo., 332 S.W. 2d 940; Marshall et al. v. City of Gladstone et al., Mo., 380 S.W.2d 312; Stock v. Schloman et al., 322 Mo. 1209, 18 S.W. 2d 428, l.c. 430(2); and State ex rel. State Highway Commission v. Mahon et al., Mo., 343 S.W.2d 165, l.c. 167(3).

It follows that the case should be and it is hereby transferred to the St. Louis Court of Appeals. It is so ordered.

PER CURIAM.

The foregoing opinion by WESTHUES, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.