Esther **BROOKS** et al., Plaintiffs-Appellants,

v.

**LAND CLEARANCE FOR REDEVELOP-MENT AUTHORITY OF ST. LOUIS COUNTY, Defendant-Respondent.**

No. 32916.

St. Louis Court of Appeals.

Missouri.

Feb. 20, 1968.

Sylvan Agatstein, Jerome Raskas, St. Louis, for plaintiffs-appellants.

John J. McAtee, Clayton, for defendant-respondent.

BRADY, Commissioner.

Plaintiffs in this cause were residents of Elmwood Park, a residential area in St. Louis County encompassed within an Urban Renewal Plan (hereinafter referred to as the Plan) developed and supervised by defendant operating under the provision of §§ 99.300–99.660, RSMo 1959, V.A.M.S. The petition upon which the case was tried was filed March 26, 1965. Trial on the merits began in June of 1965, and in December of that same year the trial court ren-

dered its judgment denying plaintiffs any relief.

Plaintiffs first appealed to the Supreme Court of this State on the grounds defendant was attempting to take their property by condemnation without due process of law contrary to the 14th Amendment to the Constitution of the United States and in violation of the Constitution of this State. That court held the only issues preserved for review went to whether the Plan adopted by defendant met the requirements of § 99.430, RSMo 1959, V.A.M.S., and in so determining it was not necessary to decide the constitutional questions plaintiff attempted to preserve for review. See Brooks v. Land Clearance for Redevelopment Auth. of St. Louis County, Mo., 414 S.W.2d 545. Accordingly, the constitutional questions pass from this appeal which was then transferred to this court for decision.

As is apparent from the petition and as stated by the Supreme Court in its opinion transferring this cause, plaintiffs' theory is that the Plan prepared for Elmwood Park by defendant did not comply with the requirements of the applicable statutes in that it failed to set forth a feasible method for relocation of the families to be displaced from this area as required by § 99.430(7), RSMo 1959, V.A.M.S. The prayer was twofold: First, for a declaratory judgment decreeing the Plan null and void as not being in compliance with the applicable statute; and Second, the defendant be temporarily restrained from proceeding to take any action under such Plan including the commencement of condemnation actions or the prosecution of such actions already filed seeking to acquire plaintiffs' lands and, after hearing, such injunction be made permanent. There was no prayer for damages as a result of defendant's allegedly improper action.

It is unnecessary for us to further burden this opinion with facts gleaned from the voluminous transcript and numerous exhibits. With the candor both expected and required of an officer of the court plaintiffs' able counsel has admitted none of the plaintiffs still own the property which it is contended the Plan improperly takes from them. The condemnation actions with respect thereto have been finally concluded and the property thus acquired, or voluntary sales have been negotiated and closed.

With reference to the prayer for a declaratory judgment, it is well settled law that when a declaratory judgment concerning the powers and duties of a governmental agency is sought the court must be presented with a "justiciable controversy" admitting of specific relief by way of a decree or judgment conclusive in character and determinative of the issues involved. § 527.010 and § 527.020, RSMo 1959, V.A.M.S.; City of Joplin v. Jasper County, 349 Mo. 441, 161 S.W.2d 411; City of Creve Coeur v. Creve Coeur Fire Protection Dist., Mo., 355 S.W.2d 857; St. Louis Housing Authority v. City of St. Louis, 361 Mo. 1170, 239 S.W.2d 289. Moreover, it is necessary for the plaintiffs to have a legally protectable interest at stake. Cotton v. Iowa Mut. Liability Ins. Co., 363 Mo. 400, 251 S.W.2d 246. Since the defendant admittedly is now in possession and the owner of the lands in Elmwood Park previously owned by the plaintiffs, it is obvious the latter have no legally protectable interest at stake. It is equally obvious that no declaratory judgment entered in this case could grant them any specific relief. Accordingly, there is no "justiciable controversy" as required by our declaratory judgment act, § 527.010 et seq., RSMo 1959, V.A.M.S. The issue is moot as to these plaintiffs.

The same must be held when considering plaintiffs' plea for a restraining order and for an injunction. Injunctive relief seeks to prevent future mischief, not to restrain acts that have already occurred. Pollard v. David, Mo., 421 S.W.2d 296. It is clear from the fact defendant already has title and possession to plaintiffs' lands

any judgment rendered in response to the prayer for injunctive relief " 'could not have any practical effect upon any then existing controversy.' " Euclid Terrace Corp. v. Golterman Enterprises, Inc., Mo. App., 327 S.W.2d 542, as quoted with approval in Pollard v. David, supra.

The cause is moot. The appeal is dismissed.

PER CURIAM:

The foregoing opinion by BRADY, C., is adopted as the opinion of the court. The appeal is dismissed.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.