George E. COCHRAN, Appellant,

v.

**STATE of Missouri, Respondent.**

**No. WD 45367.**

Missouri Court of Appeals,
Western District.

Aug. 25, 1992.

---

Anthony C. Cardarella, Asst. Appellate Defender, Kansas City, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, P.J., and SPINDEN and SMART, JJ.

KENNEDY, Presiding Judge.

The appellant, George E. Cochran, III, appeals from the denial in the Circuit Court of Jackson County of his Rule 24.035 motion to set aside his *Alford* pleas and four life sentences. We affirm the decision of the circuit court.

Cochran was initially charged with two counts of first degree murder and two counts of armed criminal action. Cochran's attorney moved to suppress certain evidence. The trial judge granted the motion. The state filed an appeal with this court, and we reversed the order of suppression. *State v. Cochran*, 770 S.W.2d 306 (Mo.App. 1989).

Cochran subsequently agreed to a plea bargain whereby he entered a plea of guilty under *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to two counts of second degree murder and two counts of armed criminal action. During the guilty plea proceeding Cochran repeatedly denied committing the crimes, but admitted it was likely he would be convicted if the case were tried. Judge Kramer of the circuit court accepted Cochran's guilty pleas and sentenced him to four life sentences, to be served concurrently.

Cochran now complains of ineffective assistance of counsel in that he alleges this court had no jurisdiction over the evidence suppression appeal in *State v. Cochran*, making that decision a legal nullity.

The statute providing for interlocutory appeals on orders suppressing evidence, Section 547.200.3, RSMo 1986, states:

> The appeal provided in subsection 1 of this section shall be an interlocutory appeal, filed in the appropriate district of the Missouri Court of Appeals, unless the proceedings involve a charge of capital murder or murder in the first degree,

pursuant to the provisions of Section 565.001 or 565.003, RSMo, in which case notices of appeal shall be filed in the Supreme Court of Missouri.

Cochran alleges his counsel was ineffective by erroneously advising him that the judgment of the court of appeals meant certain evidence, which according to the court of appeals decision was not suppressible, would be introduced against him at trial. Cochran states that he relied on this advice in deciding to plead guilty to the four felonies.

■■■ It is to be noticed that the question is not whether the Court of Appeals actually had jurisdiction of the appeal of the order of suppression. The question is whether Mr. Cochran's counsel was ineffective in failing to advise him that the Court of Appeals had no jurisdiction to reverse the order suppressing the evidence. Counsel is not ineffective because he gave his client advice that was incorrect, or failed, as it is alleged in this case, to give him correct advice on a critical aspect of the case. Counsel is held to an objective standard of reasonable competence, and it is always possible for a competent attorney to make a wrong judgment on a doubtful question of law, fact or strategy. His failure to give correct advice does not necessarily entitle the defendant to relief from his conviction upon his guilty plea or upon trial. *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Farmer v. State*, 758 S.W.2d 156 (Mo.App. 1988); *Woods v. State*, 564 S.W.2d 333 (Mo.App.1978). In this case, defendant's counsel was well within bounds in withholding from defendant any advice that the Court of Appeals judgment of reversal was without jurisdiction. Any such advice would most probably have been in error. First, the Court of Appeals itself—whose duty it is at the threshold of every case, sua sponte, to examine its jurisdiction, *State v. Fender*, 600 S.W.2d 683 (Mo.App. 1980), decided the evidence suppression case on its merits without questioning its jurisdiction to do so.

■■■ Second, the original appellate jurisdiction of the Supreme Court is limited to those particular cases specified in Art. V, § 3, while the original appellate jurisdiction of the Courts of Appeals includes all the others. *Automobile Club of Missouri v. Hoffmeister*, 332 S.W.2d 957 (Mo.1960). Does the appeal of an order suppressing evidence, or denying suppression, where defendant is charged with capital murder or first degree murder come within those cases confined to the Supreme Court's original appellate jurisdiction? Not under the terms of Art. V, § 3, for the Supreme Court's original appellate jurisdiction attaches only in those cases where the punishment imposed is death. *See, State v. Martin*, 644 S.W.2d 359 (Mo. banc 1983). In the first *State v. Cochran*, the punishment of death had not been imposed, and might never be imposed.

■ Does Section 547.200.3 supersede Art. V, § 3 and vest jurisdiction of the case in the Supreme Court, as movant argues? Trial counsel could not have given well-founded advice that it does; the jurisdiction of the respective appellate courts is fixed by this constitutional provision and it may not be diminished or enlarged by statute. *State ex rel. Wabash Ry. Co. v. Shain*, 341 Mo. 19, 106 S.W.2d 898 (1937); *Automobile Club of Missouri v. Hoffmeister*, 332 S.W.2d 957 (Mo.1960).

Movant's trial counsel could not be held ineffective in omitting to give movant what most probably would have been faulty advice, to wit, that the Court of Appeals was without jurisdiction to reverse the trial court's suppression of evidence.

Judgment affirmed.

All concur.