DEPARTMENT OF PENAL INSTITUTIONS, LLOYD I. MILLER, PAUL RENZ and P. F. WILLIS, Commissioners, Appellants, v. CARL F. WYMORE, Prosecuting Attorney of Cole County, Missouri.—No. 38214.—165 S. W. (2d) 618.

Court en Banc, October 29, 1942.

*Roy McKittrick,* Attorney General, and *Tyre W. Burton,* Assistant Attorney General, for appellants.

*James T. Riley, John O. Bond* and *H. P. Lauf* for respondent.

 CLARK, J.—This suit was instituted in the circuit court on April 24, 1942, by appellants (plaintiffs below), Department of Penal Institutions, and Lloyd I. Miller, Paul Renz and P. F. Willis, Commissioners of said Department, against respondent (defendant below), Carl F. Wymore, Prosecuting Attorney, asking a declaratory judgment that the Drivers' License Act does not apply to plaintiffs while in the performance of their statutory duties. The facts were agreed to and the finding and judgment were against plaintiffs, who have appealed to this court.

The petition, after setting forth the official character of the parties plaintiff and defendant, in substance alleges: that it is the statutory duty of plaintiffs to conduct the affairs of all the penal institutions of the state; that these institutions are widely scattered; that it is necessary to transport prisoners and supplies to and from the various farms and institutions under their control by means of motor trucks and motor vehicles over state highways; that plaintiffs and their predecessors for many years have used convicts to operate such motor vehicles; that a convict cannot obtain a driver's license; that if plaintiffs are required to employ licensed operators the state will incur an extra annual expense of approximately $35,000.00; that defendant has filed, and threatens to continue to file and prosecute, criminal charges against plaintiffs for causing the operation of motor vehicles under their control by such unlicensed drivers.

 Respondent has made no point as to our jurisdiction to hear the appeal and we hold that we do have jurisdiction, but, as this may seem inconsistent with some of our previous rulings, we deem it proper to explain our reasons for so holding. The only jurisdictional ground assigned by appellants, and the only one permitted by the facts, is that a state officer is a party. In support of that ground appellants cite State ex rel. Horton v. Clark et al., 320 Mo. 1190, 9 S. W. (2d) 635. That was an appeal by the members of the State Board of Health and we held them to be state officers within the meaning of Section 12 of Article VI of our constitution, so as to give us jurisdiction, but the board of health has not been clothed with power to sue and be sued, as a board, and can only do so in the names of its members. [Sections 9733, 4, 5, R. S. Mo. 1939; Mo. R. S. A., pp. 423, 424.] On the other hand, the Department of Penal Institutions is a quasi public corporation, a separate entity, having a common seal, endowed with perpetual succession and with power to complain and defend in all courts in its own name. [Section 8972, R. S. Mo. 1939; Mo. R. S. A., p. 447.] We have held that such a quasi public corporation, Public Service Commission, is not a

state officer. State ex rel. Pitcairn v. Public Serv. Comm., 338 Mo. 180, 90 S. W. (2d) 392; State ex rel. Truck Lines v. Pub. Serv. Comm., 338 Mo. 572, 92 S. W. (2d) 882; State ex rel. Gehrs v. Pub. Serv. Comm., 338 Mo. 177, 90 S. W. (2d) 390. In the latter case we held that making the members of the Commission parties, although they are state officers, did not give us jurisdiction of an appeal involving the validity of an order of the Commission because the Commission itself, not the members, was the only necessary and proper party. We adhere to the rulings of all those cases, but believe that the facts of the instant case differ from the facts there considered in an important particular which requires us to accept jurisdiction of this appeal. In those cases only the acts of the Commission were brought in question and no responsibility or liability was sought to be imposed upon the individual commissioners. In this case the individual commissioners will be vitally affected by the result, for, if their official acts be held to violate the Drivers' License Act, they, and not the Department of Penal Institutions, will be punished. The penalty described by the Act is a fine or prison sentence, and, of course, the Department can neither be fined nor imprisoned. While the power to conduct the penal institutions is vested in the Department, it can only act through its commissioners and if their acts in conducting the Department run afoul of the criminal law they, not the Department, must abide the consequences. [State ex inf. McKittrick v. Whittle, 333 Mo. 705, 1. c. 708, 9, 63 S. W. (2d) 100.] We think the commissioners, as such, are the real parties in interest in this case, and that the Department is not even a necessary party. It is a suit asking the court to declare the responsibility of the individual commissioners for their conduct as state officers, and could be instituted by one or more of the commissioners.

A good illustration of the difference between the question involved in the cases cited and in this can be found in suits by or against private corporations. If only the acts of the corporation are involved, it alone should be named in the suit, but, if personal liability is sought against the officers and directors of the corporation they are proper and necessary parties. It is conceded that the Commissioners of the Department of Penal Institutions are state officers and this is in accord with our previous rulings as to other officers with similar powers and duties. [State ex rel. Gehrs v. Pub. Serv. Comm., supra; Murphy et al. v. Hurlbut Undertaking & Embalming Co., 346 Mo. 405, 142 S. W. (2d) 449.]

The Drivers' License Act was enacted in 1937 and, with later amendments, is now contained in Revised Statutes of Missouri, 1939, Sections 8443 to 8470, both inclusive. [Mo. R. S. A., pp. 865-874.] The provisions pertinent to this case are: Section 8444, making it unlawful for any person, except as expressly exempted, to drive any motor vehicle upon any highway of this state unless such person has

a valid license as an operator under the provisions of this article; Section 8467, providing that no person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven upon any highway by any person who is not authorized hereunder or in violation of any provisions of this article; and other sections providing definitions, methods or regulation and enforcement and penalties for violation. The act provides for a license fee of twenty-five cents for two years.

The Act defines "person" as "every natural person, firm, copartnership, association or corporation." Appellants say, and we concede, that this ▌▌▌ definition does not include the Department of Penal Institutions, but it does include the commissioners for they are "persons" although they are also state officers. We have already indicated that unless the commissioners are proper parties we have no jurisdiction of the appeal.

Appellants contend that the Drivers' License Act does not expressly mention the state and its agencies and therefore should not be held to include them. That is a rule for statutory construction, still retained by the courts, but which has been somewhat relaxed in modern times. The cases cited by appellants in support of this contention involve the construction of revenue measures. The Act now under consideration is not a revenue measure, but solely referable to the police power and designed to promote safety on the public highways. Only a small license fee of twenty-five cents is demanded for a period of two years. Persons under sixteen years of age cannot obtain a license, and persons under twenty-one cannot obtain a license to operate a school bus. A license may be suspended for certain offenses and revoked for others, for example: manslaughter resulting from the operation of a motor vehicle; driving a motor vehicle while intoxicated; commission of a felony in which a motor vehicle is used.

The terms of the Act are broad enough to include state officers and they are not expressly exempted by the Act or by any other law. By Section 8374, Revised Statutes Missouri 1939, amended by Session Acts of 1941, page 446; [Mo. R. S. A., p. 589] the motor vehicle itself, when state or municipally owned, is exempted from registration and license, but there is no exemption as to the operator of the vehicle. On the contrary, that section expressly grants to municipalities the power "to regulate the speed and use of such motor vehicles." It is unlikely that the general assembly intended to grant to municipalities the power to regulate the operation of publicly owned motor vehicles and to deny that power to the state. The fundamental purpose of the Drivers' License Act seems to require the inclusion of state officers as well as other persons. There is just as much danger to the public in the operation of a state owned car as one which is privately owned. Suppose a person is convicted and confined for one of the offenses mentioned; manslaughter in the operation of a motor vehicle; driving

while intoxicated, or commission of a felony by the use of a motor vehicle. Is it reasonable to construe our laws to mean that such a person may be taken out of prison by the order of a state officer and again turned loose upon the public highways in charge of a motor vehicle?

Appellants say that to require employment of licensed drivers will cost the state a large sum of money, and no appropriation has been made for that purpose. Session Acts of 1941, pages 170, 171, do appropriate to the Department of Penal Institutions the sum of $110,000.00 for the current biennium to pay the salaries and wages of certain named and "other necessary employees." The amount necessary to be appropriated must be left to the general assembly.

For the reasons stated, the judgment must be and is affirmed. All concur except *Hays, J.*, absent.