William Daniel HOWZE, Appellant,

v.

Homer GARRISON, Jr., et al., Appellees.

No. 3956.

Court of Civil Appeals of Texas.

Waco.

Dec. 13, 1962.

Rehearing Denied Jan. 10, 1963.

Beard, Kultgen & Beard, Waco, for appellant.

Frank Beard, Asst. Dist. Atty., McLennan County, Waco, for appellees.

WILSON, Justice.

Construction of Sec. 33, Art. 6701h, Vernon's Ann.Tex.St. is the problem presented. Plaintiff sought to enjoin total suspension of his driver's license, alleging he was employed to drive motor vehicles for an incorporated city. He asserted Art. 6701h has no application to him "while he is operating motor vehicles owned by" the city, and that the Act does not authorize complete suspension of his license so as to interfere with his driving such vehicles. He states the question here is whether the statute authorizes suspension of his license to drive vehicles for the city. The trial court denied relief.

Section 33 of Art. 6701h provides "This Act shall not apply with respect to any motor vehicle owned" by any municipality, and others specified; nor generally to motor vehicles of certificated motor carriers subject to requirements of certain sections of Arts. 911a and 911b, V.A.T.S.

We think Sec. 33 concerns only "motor vehicles", and not drivers or their licenses.

If we accepted appellant's proposed interpretation, a driver whose license was suspended would also be authorized, notwithstanding, to operate vehicles for bonded or insured motor bus and motor carrier companies to whose "vehicles" the Act also "shall not apply".

While appellant is interested primarily in his own license in this case to operate certain vehicles, we must look to the effect of a holding such as he urges on other drivers and other vehicles in Texas affected by Sec. 33. We no more consider it the legislative intent to make the exception applicable to *drivers* of municipally owned vehicles than to drivers of motor buses and vehicles of carriers subject to requirements of Art. 911a, Sec. 11 and Art. 911b, Sec. 13.

Appellant relies on Attorney General's opinion V–1380, 1951, which relied in turn on City of St. Paul v. Hoffmann, 1946, 223 Minn. 76, 25 N.W.2d 661. The Minnesota statute did not provide for suspension of registration of vehicles as does Art. III, Sec. 5(b) and Art. IV, Sec. 13(a) of the Texas Act. The Minnesota court expressly observed that its statute must have intended to exempt drivers since it "operates exclusively by suspension of licenses to operate motor vehicles and not against the vehicles themselves," as does our enactment.

In City of Phoenix v. Lane, 76 Ariz. 240, 263 P.2d 302 the Arizona Act contained an exception that suspension provisions should not apply to the driver of his employer's vehicle, but should apply to the employer only.

The distinction between these cases and ours is pointedly drawn by the Supreme Court of Missouri in City of St. Louis v. Carpenter, Mo.1961, 341 S.W.2d 786. The Missouri statute, as does ours, made the suspension provisions operative both on the operator's license and the registration of vehicles. The Missouri Motor Vehicle Safety Responsibility Law made its provisions inapplicable, as does our Sec. 33, to "any motor vehicle owned by" a municipality. The Missouri Supreme Court held, as do we, that reading the exemption contended for into the statute is not justified.

The trial court's judgment first dismissed the action with prejudice, and thereupon disposed of the merits. It is modified to delete the dismissal, and as modified is affirmed.