

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

June 11, 1963

Honorable Homer Garrison, Jr.
Director
Texas Department of Public Safety
Box 4087, North Austin Station
Austin, Texas

Opinion No. C-93

Re: Application of Texas Safety Re-
sponsibility Act to employees of
the United States Government
while operating motor vehicles
within the scope of their employ-
ment.

Dear Colonel Garrison:

The question posed by your opinion request is as fol-
lows:

"Whether the provisions of 28 U.S. Code 2679(b)
(Federal Torts Claims Act) supersedes the provisions
of Article 6701(h), Vernon's Civil Statutes, regard-
ing proof of financial responsibility in cases in
which the driver of a U.S. Government vehicle was
acting within the scope of his employment at the time
of a motor vehicle accident."

Your request also sets out the following example:

"An employee of the Post Office Department while
driving a U.S. Government vehicle has a collision with
another vehicle. The Post Office Department deter-
mines that the employee was acting within the scope of
his employment when the collision occurred. The em-
ployee does not have liability insurance and is unable
to meet the other provisions for proof of financial
responsibility as listed in Article 6701(h). Should
the employee's Texas Driver's License and personal
motor vehicle registration be suspended under the pro-
visions of Article 6701(h)?"

28 U.S. Code 2679(b) reads as follows:

"The remedy by suit against the United States as
provided by section 1346(b) of this title for damage

-461-

to property or for personal injury, including death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, <u>shall hereafter be exclusive of any other civil action or proceeding</u> by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim ." (Emphasis added).

The Texas Safety Responsibility Act (Article 6701(h), Vernon's Civil Statutes) provides, in general, for the suspension of the Texas Driver's License of any individual who was operating a motor vehicle which was involved in a collision wherein any person was killed or injured or damage to the property of any one person was in excess of One Hundred Dollars, if such person fails to present proof of his financial responsibility. The Act also provides for the suspension of all vehicle registrations of the owner of a vehicle involved in such a collision if proof of financial responsibility is not presented to the Texas Department of Public Safety.

Proof of financial responsibility may be shown by (1) a policy of liability insurance, (2) proof that the person is a self-insurer, (3) the filing of a property bond, (4) a release of liability, or agreement to pay damages by installment, or (5) a deposit of money or securities.

The exceptions to this Act are found in Section 33 of Article 6701(h) and read as follows:

"This Act shall not apply with respect to any motor vehicle owned by the United States, the State of Texas or any political subdivision of this State or any municipality therein. . . ."

In <u>Howze v. Garrison</u>, 363 S.W.2d 381 (Tex.Civ.App. 1962, error ref.), the Court held that the exemption in Section 33 applied to a municipally owned vehicle but not to the city employee who was driving the vehicle. Prior to this decision, the Department of Public Safety had ruled that both the vehicle and the driver were exempt under Section 33, in accordance with Attorney General's Opinion V-1380.

The general purpose of the Safety Responsibility Act is to insure the availability of a remedy for persons suffering personal injury or property damage through the negligent acts of another person driving a motor vehicle. Through the Federal Torts

Claims Act, the U.S. Government has accepted liability for the tortious acts of its employees while acting within the scope of their employment. Under 28 U.S. Code 2679(b), suit against the United States is the exclusive remedy for an injured party. In effect, once a determination is made that the Federal employee was acting within the scope of his employment, the United States stands in place of that employee and no civil action or proceeding may be brought against him.

It is the opinion of this office that after a Federal employee has been determined to have been acting within the scope of his employment, he would not be amenable to any civil action or proceeding arising out of his action. A suspension action prosecuted under Article 6701(h) by the Texas Department of Public Safety would be a civil proceeding within the meaning of 28 U.S. Code 2679(b) and would be invalid under that provision of the U.S. Code.

The Federal Torts Claims Act supersedes the provisions of Article 6701(h), Vernon's Civil Statutes, regarding proof of financial responsibility in cases in which the driver of a U.S. Government vehicle was acting within the scope of his employment at the time of a motor vehicle accident.

## SUMMARY

The Texas Safety Responsibility Act does not apply to employees of the United States Government while operating motor vehicles within the scope of their employment.

Yours very truly,

WAGGONER CARR
Attorney General

By Jack G. Norwood
   Jack G. Norwood
   Assistant

JGN:wb
APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Joseph Bracewell
J. C. Davis
W. O. Shultz
Paul Robertson

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone