**CITY OF MT. VERNON, a Municipal Corporation, Respondent,**

**v.**

**Elva B. GARINGER et al., Defendants,**

**State of Missouri, Director of Public Health and Welfare, Appellant.**

No. 51358.

Supreme Court of Missouri,

Division No. 1.

Nov. 8, 1965.

Robert Stemmons, Mt. Vernon, for respondent.

Norman H. Anderson, Atty. Gen., Clyde Burch, Asst. Atty. Gen., Jefferson City, for appellants.

HYDE, Presiding Judge.

█ Appeal by the State of Missouri Director of the Department of Public Health and Welfare, from a declaratory judgment authorizing annexation by the City of Mt. Vernon of land owned by the State and used for the Missouri State Sanitorium. The judgment was rendered in a proceeding authorized by Sec. 71.015, known as the Sawyers Act. (Statutory references are to RSMo and V.A.M.S.) Our jurisdiction is invoked on the ground that a state officer as such is a party. Sec. 3, Art. V, Const. The Division of Health of the Department of Public Health and Welfare has control over the Sanitorium (Sec. 192.010) and this division is not given authority to sue and be sued. See Dunnegan v. Gallop, Mo.Sup., 369 S.W.2d 206, 208; as to divisions of the department see Sec. 191.010. Authority to sue in the name of the Director of the Department of Public Health and Welfare for wrongs to real or personal property of the institutions under department control is given the Director by Sec. 191.130. We, therefore, consider that the Director is a party as a state officer in resisting this annexation of the State's land and also that the State is the real party in interest. See Department of Penal Institutions v. Wymore, 350 Mo. 127, 165 S.W.2d 618. We hold we have jurisdiction.

No other defendant in the declaratory judgment action has appealed and a stipulation has been entered into by the Director and the City providing: "The State of Missouri and the Director of the Department of Public Health and Welfare will not raise, brief or argue any question in the Supreme Court respecting lands described in plaintiff's petition, other than the lands owned by the State of Missouri, the Department of Public Health and Welfare, on which is located the Missouri State Sanitorium." The land owned by the State is described in the stipulation and it is included in the decree of the court in describing the land which the court designated as reasonable and proper for the city to annex.

Annexation of four separate tracts was provided for in two separate ordinances (334 and 335, adopted April 2, 1963) being land adjoining the city on the east and west. Thereafter, on April 2, 1963, ordinance 341 was adopted providing for annexation of the land owned by the State north of the city. The decree of the Circuit Court declared the annexation of all five tracts reasonable and necessary to the proper development of the city and ordered an election to be held on the first Tuesday in April 1965. It is from this decree that the State has appealed.

█ The city has filed a motion to dismiss for the reason that the State did not file a motion for new trial. No such motion is necessary for review of a case tried by the court without a jury. Rule 73.01(d), V.A.M.R.; Seabaugh's Dependents v. Garver Lumber Mfg. Co., 355 Mo. 1153, 1167, 200 S.W.2d 55, 63; Crispin v. St. Louis Public Service Co., Mo.Sup., 237 S.W.2d 153, 156; Handlan v. Handlan, 362 Mo. 1180, 247 S.W.2d 715, 718; 1 Carr 880, Sec. 813; Morris v. I. C. T. Insurance Co., Mo.Sup., 316 S.W.2d 636, 640. The motion to dismiss is overruled.

█ It now appears (agreed by both parties) that, prior to the election, ordinance 341 was repealed and that annexation of the State's land was not submitted to the voters at the election. (Apparently annexation of each of the other tracts was submitted separately.) Nevertheless, there is still in existence a decree of the court authorizing annexation of the State's land and that is the reason for the State's appeal. At the oral argument of this case, counsel for the city stated that the city did not now desire to annex the State's land and would consent to a remand to the Circuit Court for modification of the decree to eliminate from it all approval of and authorization for annexation of the State's land. In view of this concession, the issue raised by the State as to the city's failure to prove that the defendants specifically named and served were fairly chosen and adequately and fair-

ly represented the class involved is moot on this appeal.

It is therefore ordered that the decree be modified by striking from it the description of the land owned by the State and all provisions thereof approving or authorizing the annexation by the City of Mt. Vernon of any land owned by the State and that the cause be remanded for the purpose of so modifying the court's decree and for such other proceedings as the court may deem proper not inconsistent with the views herein expressed.

All concur.