FILED 92
Mr. A. Gerald Reiss, Director Department of Revenue Jefferson State Office Building Jefferson City, Missouri 65101
Dear Mr. Reiss:
This is in response to a request for an official opinion of this office by your predecessor. His request reads as follows:
 "Does Chapter 303, the motor vehicle safety responsibility law for the state of Missouri, require the Missouri Director of Revenue to suspend the drivers license and motor vehicle registration plates of a person when notice is received pursuant to Section 303.090, RSMo 1969, of an unsatisfied judgment against such person stemming from an automobile accident upon private property?"
Chapter 303, RSMo 1969, and amendments thereto are entitled "The Motor Vehicle Safety Responsibility Law." The purpose of this law is to protect the public from injury or damage by the operation of motor vehicles upon public highways. City of St.Louis v. Carpenter, 341 S.W.2d 786 (Mo. 1961).
Chapter 303 provides two separate methods for implementing the above legislative policy. First, it requires those persons involved in automobile accidents to file accident reports. Section303.040 of S.S.H.B. No. 1392, Second Regular Session, 78th General Assembly, provides as follows:
 "1. The operator or owner of every motor vehicle which is involved in an accident within this state or the owner of a legally or illegally parked car which is in any manner involved in an accident within this state, with an uninsured motorist, upon the streets or highways thereof, in which any person is killed or injured or in which damage to property of any one person, including himself, in excess of one hundred dollars is sustained, and the owner or operator of every motor vehicle which is involved in an accident within this state if such owner or operator does not carry motor vehicle liability insurance shall within sixty days after such accident report the matter in writing to the director if settlement of accident agreed to by all the parties involved has not been made. Such report, the form of which shall be prescribed by the director, shall contain such information as will enable the director to determine whether the requirements for the deposit of security under section 303.030 are inapplicable by reason of the existence of insurance or other exceptions specified in this chapter. The director may rely upon the accuracy of such information unless and until he has reason to believe that the information is erroneous. If such operator be physically incapable of making such report, the owner of the motor vehicle involved in such accident shall, with sixty days after learning of the accident, make such report. If the operator is also the owner and is incapable of filing such report as is required by this section then the report will be filed as soon as the operator-owner is so capable. If the report is late by reason of incapability, a doctor's certificate must accompany the report certifying same. The operator or the owner shall furnish such additional relevant information as the director shall require.
 "2. If any party involved in an accident files a report under this section, the director shall notify, within ten days after receipt of the report, all other parties involved in the accident as specified in the report that a report has been filed and such other parties shall then furnish within ten days the director with such information as the director may request to enable the director to determine whether the requirements of section 303.030 are applicable."
Upon receipt of the accident reports, the Director of Revenue, under provisions of Section 303.030, RSMo Supp. 1975, is authorized to demand security deposits from certain individuals involved in automobile accidents on the highways and streets of this state. Such section provides as follows:
 "1. If within twenty days after the receipt of a report of a motor vehicle accident within this state which has resulted in bodily injury or death, or damage to the property of any one person in excess of one hundred dollars, the director does not have on file evidence satisfactory to him that the person who would otherwise be required to file security under subsection 2 of this section has been released from liability, or has been finally adjudicated not to be liable, or has executed a duly acknowledged written agreement providing for the payment of an agreed amount in installments with respect to all claims for injuries or damages resulting from the accident, the director shall determine the amount of security which shall be sufficient in his judgment to satisfy any judgment for damages resulting from such accident as may be recovered against each operator or owner.
 "2. The director shall, within forty-five days after the receipt of such report of a motor vehicle accident, suspend the license of each operator, and all registrations of each owner of a motor vehicle, in any manner involved in such accident, and if such operator is a nonresident the privilege of operating a motor vehicle within this state, and if such a owner is a nonresident the privilege of the use within this state of any motor vehicle owned by him, unless such operator or owner or both shall deposit security in the sum so determined by the director; provided notice of such suspension shall be sent by the director to such operator and owner not less than ten days prior to the effective date of such suspension and shall state the amount required as security.
 "3. Where erroneous information is given the director with respect to the matters set forth in subdivision (1), (2), or (3) of subsection 4 of this section, he shall take appropriate action as hereinbefore provided, within forty-five days after receipt by him of correct information with respect to said matters.
 "4. This section shall not apply under the conditions stated in section 303.070, nor:
 (1) To such operator or owner if such owner had in effect at the time of such accident an automobile liability policy with respect to the motor vehicle involved in such accident;
 (2) To such operator, if not the owner of such motor vehicle, if there was in effect at the time of such accident an automobile liability policy or bond with respect to his operation of motor vehicles not owned by him;
 (3) To such operator or owner if the liability of such operator or owner for damages resulting from such accident is, in the judgment of the director, covered by any other form of liability insurance policy or bond; nor
 (4) To any person qualifying as a self-insurer under section 303.220, nor to any person operating a motor vehicle for such self-insurer."
Exceptions to the requirements are found in Section 303.070
of S.S.H.B. No. 1392, Second Regular Session, 78th General Assembly, which provides as follows:
 "The requirements as to security and suspension in section 303.030 shall not apply:
 (1) To the operator or the owner of a motor vehicle involved in an accident wherein no injury or damage was caused to the person or property of anyone other than such operator or owner;
 (2) To the owner of a motor vehicle if at the time of the accident the vehicle was being operated without his permission, express or implied, or was parked by a person who had been operating such motor vehicle without such permission; nor
 (3) If, prior to the date that the director would otherwise suspend the license and registration or nonresident's operating privilege under section 303.030, there shall be filed with the director evidence satisfactory to him that the person who would otherwise be required to file security has been released from liability or been finally adjudicated not to be liable or has executed a duly acknowledged written agreement providing for the payment of an agreed amount in installments, with respect to all claims for injuries or damages resulting from the accident."
The second method which the legislature adopted to implement its policy takes place after a court judgment is rendered. This post-judgment procedure is set out in Sections 303.090,303.100, and 303.110, RSMo 1969. Section 303.090 requires the clerk or judge of the court in which any person fails to satisfy any final judgment within sixty days to forward a certified copy of said judgment to the Director of Revenue. Such section states as follows:
 "1. Whenever any person fails within sixty days to satisfy any final judgment in amounts and upon a cause of action as herein stated, it shall be the duty of the clerk of the court, or of the judge of a court which has no clerk, in which any such judgment is rendered within this state, to forward to the director immediately after the expiration of said sixty days, a certified copy of such judgment.
 "2. If the defendant named in any certified copy of a judgment reported to the director is a nonresident, the director shall immediately transmit a certified copy of the judgment to the official in charge of the issuance of licenses and registration certificates of the state of which the defendant is a resident."
Section 303.100 requires the Director of Revenue to suspend the license and registration of the person against whom the judgment has been rendered upon receipt of a certified copy of the judgment. This section reads as follows:
 "1. The director, upon the receipt of a certified copy of a judgment, shall forthwith suspend the license and registration and any nonresident's operating privilege of any person against whom such judgment was rendered, except as hereinafter otherwise provided in this section and in section 303.130.
 "2. If the judgment-creditor consents in writing, in such form as the director may prescribe, that the judgment-debtor be allowed license and registration or nonresident's operating privilege, the same may be allowed by the director, in his discretion, for six months from the date of such consent and thereafter until such consent is revoked in writing notwithstanding default in the payment of such judgment, or of any installments thereof prescribed in section 303.130 provided the judgment-debtor furnishes proof of financial responsibility."
Section 303.110 delineates the extent and duration of the suspension. It provides as follows:
 "Such license, registration and nonresident's operating privilege shall remain so suspended and shall not be renewed, nor shall any such license or registration be thereafter issued in the name of such person, including any such person not previously licensed, unless and until every such final judgment is stayed, satisfied in full or to the extent hereinafter provided and until the said person gives proof of financial responsibility subject to the exemptions stated in sections 303.100 and 303.130. A discharge in bankruptcy following the rendering of any such judgment shall not relieve the judgment-debtor from any of the requirements of this chapter."
Sections 303.090, 303.100, and 303.110 do not define or limit the term "judgment." Rather, these provisions use the term in a very broad and all inclusive manner. However, Section 303.020(3), RSMo 1969, provides the following definition of "judgment."
 "`Judgment', a final judgment by a court of competent jurisdiction of any state or of the United States, upon a claim for relief for damages, including damages for care and loss of services, because of bodily injury to or death of any person, or for damages because of injury to or destruction of property, including the loss of use thereof, or upon a claim for relief on any agreement or settlement for such damages arising out of the ownership, maintenance or use of any motor vehicle;"
The term "judgment," then, includes a final judgment by a court of competent jurisdiction of any state or of the United States which is based upon a claim for relief for damages arising out of the ownership, maintenance, or use of any motor vehicle. Accordingly, it is the opinion of this office that the type of judgment which precipitates the suspension of driving privileges is not limited to claims for damages resulting from accidents occurring on the highways and streets of this state, but includes all claims for damages arising out of the ownership, maintenance, or use of any motor vehicle.
CONCLUSION
Therefore, it is the opinion of this office that Chapter 303, RSMo, requires the Director of Revenue to suspend a person's driver's license and registration upon receipt of a certified copy of a final judgment pursuant to Sections 303.090, 303.100, and 303.110, RSMo 1969, when said judgment is rendered against that person by a court of competent jurisdiction of any state or of the United States as a result of a claim for damages arising out of the ownership, maintenance, or use of any motor vehicle. There is no statutory requirement that the injury giving rise to said claim must either occur in this state or on the public highways and streets of this state.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Clarence Thomas.
Yours very truly,
 JOHN C. DANFORTH Attorney General