Dear Mr. Toan:
On behalf of the Missouri Health Facilities Review Committee you have requested an official opinion on the following question:
 Does the Missouri Health Facilities Review Committee have jurisdiction under the Missouri Certificate of Need Law, §§ 197.300 et seq., RSMo, over proposed new institutional health services which may not involve expenditures in excess of $600,000.00 in the case of capital expenditures, or $400,000.00 in the case of major medical equipment?
Sections 197.300 to 197.365, RSMo Supp. 1982, comprise the Missouri Certificate of Need Law. Section 197.315 provides, in pertinent part:
 1. Any person who proposes to develop or offer a new institutional health service within the state must obtain a certificate of need from the committee prior to the time such services are offered.
 2. Only those new institutional health services which are found by the committee to be needed shall be granted a certificate of need. Only those new institutional health services which are granted certificates of need shall be offered or developed within the state. No expenditures for new institutional health services in excess of the expenditure minimum shall be made by any person unless a certificate of need has been granted.
Section 197.305(5) defines "develop" as follows:
 [T]o undertake those activities which on their completion will result in the offering of a new institutional health service or the incurring of a financial obligation in relation to the offering of such a service;
Section 197.305(6) defines "expenditure minimum" as follows:
 [S]ix hundred thousand dollars in the case of capital expenditures, or four hundred thousand dollars in the case of major medical equipment;
A "new institutional health service" is defined in Section197.305(11) as follows:
 (a) The development of a new health care facility;
 (b) The acquisition, including acquisition by lease, of any health care facility, or major medical equipment costing in excess of the expenditure minimum;
 (c) Any capital expenditures by or on behalf of a health care facility in excess of the expenditure minimum;
 (d) Predevelopment activities . . . costing in excess of one hundred fifty thousand dollars;
 (e) Any change in licensed bed capacity of a health care facility which increases the total number of beds by more than ten or more than ten percent of total bed capacity, whichever is less, over a two-year period;
 (f) Health services . . . , which are offered in a health care facility and which were not offered on a regular basis in such health care facility within the twelve-month period prior to the time such services would be offered;
 (g) A reallocation by an existing health care facility of licensed beds among major types of service or reallocation of licensed beds from one physical facility or site to another by more than ten beds or more than ten percent of total licensed bed capacity, whichever is less, over a two-year period;
We believe that the phrase "new institutional health service" is defined in the disjunctive in Section 197.305(11). Thus, each
of the seven listed categories of activity is a new institutional health service, the undertaking of which would require a certificate of need pursuant to Section 197.315.1.
The language employed by the legislature in Section 197.315.1 inevitably leads to this conclusion. Two of the listed new institutional health services, Sections 197.305(11)(b) and (e) qualify as such only if the statutory expenditure minimum is exceeded. Section 197.305(11)(d) indicates that predevelopment activities are new institutional health services only if their cost exceeds one hundred fifty thousand dollars. Sections 197.305(11)(a), (e), (f) and (g) describe activities for which no reference to cost is made.
Our proper purpose in rendering this opinion is to seek the intent of the legislature. City of Willow Springs v. MissouriState Librarian, 596 S.W.2d 441 (Mo. banc 1980). It appears that the General Assembly expressly intended to subject certain new institutional health services to cost minimums, in one instance (Section 197.305(11)(d)) establishing a minimum different than the general statutory minimum, while omitting any reference to cost for other such services. For this reason, we conclude that a cost exceeding the statutory expenditure minimum is a condition precedent to the requirement that a certificate of need be obtainedonly where the new institutional health service contemplated is as characterized in Sections 197.305(11)(b) and (c).
We believe the intent of the Missouri Certificate of Need Law is to regulate the growth of health services to eliminate duplication and, thereby, moderate health care costs. Such a purpose is conducive to the public good. Therefore, because the law in question is remedial, it should be given a liberal construction to effectuate its purpose. City of St. Louis v. Carpenter, 341 S.W.2d 786
(Mo. 1961). We believe our interpretation of the law furthers its purpose by granting the committee broad oversight over health care delivery systems and facilities.
In rendering this opinion, we are mindful of Section 197.315.2, which, inter alia, prohibits expenditures in excess of the statutory expenditure minimum unless a certificate of need is granted. We believe the final sentence of Section 197.315.2 is precautionary, intended to ensure that those contemplating substantial new institutional health services apply for and receive a certificate of need prior to commencing the project.
CONCLUSION
It is the opinion of this office that the Missouri Health Facilities Review Committee has jurisdiction to review proposed new institutional health services as defined in Section 197.305
(11)(a), (d), (e), (f) and (g), RSMo Supp. 1982, which do not involve expenditures in excess of the expenditure minimum established in Section 197.305(6), RSMo Supp. 1982.
Very truly yours,
 JOHN ASHCROFT Attorney General