Dear Sirs:
This opinion is in response to your questions:
 (1) Is the Industrial Development Authority of the County of Nodaway formed pursuant to the provisions of Chapter 349. Revised Statutes of Missouri, subject to the provisions of Section 610.010 and subsequent sections as amended in 1982 (Sunshine Law)?
 (2) Is the Industrial Development Authority of the County of Nodaway a "public governmental body" or a quasi-public governmental body" as defined in Section 610.010 (2), Revised Statutes of Missouri as amended?
 (3) Is the Industrial Development Authority of the County of Nodaway required to give public notice of meetings of the Board of Directors in a manner provided in Section 610.020, Revised Statutes of Missouri?
Section 610.020.1, RSMo Supp. 1982, requires all public governmental bodies to give public notice of their meetings:
 All public governmental bodies shall give notice of the time, date, and place of each meeting, and its tentative agenda, in a manner reasonably calculated to apprise the public of that information. . . .
In order to determine whether an industrial development authority incorporated pursuant to Chapter 349, RSMo, must provide notice of its meetings, we must first determine whether it is a "public governmental body." Section 610.010(2), RSMo Supp. 1982, defines a "public governmental body" as:
 [A]ny legislative or administrative governmental entity created by the constitution or statutes of this state, by order or ordinance of any political subdivision or district, or by executive order, including any body, agency, board, bureau, council, commission, committee, department, or division of the state, of any political subdivision of the state, of any county or of any municipal government, school district or special purpose district, any other legislative or administrative governmental deliberative body under the direction of three or more elected or appointed members having rule-making or quasi-judicial power, any committee appointed by or under the direction or authority of any of the above named entities and which is authorized to report to any of the above-named entities, and any quasi-public governmental body. . . . [Emphasis added]
An industrial development authority is created for the purpose of developing commercial, industrial, agricultural or manufacturing facilities within the county or municipality for which the authority is organized. Section 349.025, RSMo 1978. Members of the board of directors of an industrial development authority, at least five in number, are appointed by the chief executive officer of the county or municipality with the advice and consent of the relevant governing body. Section 349.045, RSMo Supp. 1982. The purpose for which such authorities are organized is a public purpose. State ex rel.Jardon v. Industrial Development Authority of Jasper County,570 S.W.2d 666 (Mo. banc 1978). Indeed, the relevant governing body must determine it expedient and advisable to form such a corporation and approve the articles of incorporation prior to such articles being filed with the Secretary of State. Section 349.025, RSMo 1978. The authority has the power to adopt rules for the conduct of its business. Section 349.050(1), RSMo Supp. 1982.
We believe the attributes, duties and powers of an industrial development authority are such that it is a "legislative or administrative governmental entity" (Section 610.010(2)) and thus a "public governmental body" for purpose of the Missouri Sunshine Law. This conclusion is supported in two ways.
First, Chapter 610 underwent significant amendment in 1982 (H.B. 1253, 81st General Assembly, Second Regular Session). The amendments, in our opinion, refined and broadened the scope of the Sunshine Law; in addition, H.B. 1253 provided remedies for violations of the provisions of Chapter 610, which did not previously exist. Section 610.027, RSMo Supp. 1982. We believe these amendments were intended to strengthen the Sunshine Law, the purpose of which is to ensure that:
 [A]ll meetings of members of public governmental bodies [with exceptions] at which the peoples' business is considered must be open to the people and not conducted in secrecy, and also that the records of the body and the votes of its members must be open. Cohen v. Poelker, 520 S.W.2d 50, 52 (Mo. banc 1975).
We believe the General Assembly intended to subject bodies such as industrial development authorities to the requirements of Chapter 610.
Second, where a statute introduces a new regulation conducive to the public good, it is remedial. City of St. Louis v. Carpenter,341 S.W.2d 786 (Mo. 1961). Remedial statutes should be read liberally in order to achieve the public good intended. State ex rel.Ashcroft v. Wahl, 600 S.W.2d 175 (Mo.App. 1980). We believe the Sunshine Law is remedial. We further believe that the required liberal reading of Chapter 610 compels the conclusion that industrial development authorities, as entities charged with the public purpose of developing local economies, are subject to the requirements of the Sunshine Law.
CONCLUSION
It is the opinion of this office that an industrial development authority organized pursuant to Chapter 349, RSMo, is a public governmental body subject to the provisions of the Sunshine Law, Chapter 610, RSMo.
Very truly yours,
 JOHN ASHCROFT Attorney General